The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Although plaintiff submitted an Industrial Commission Form 44, no briefs were submitted.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 20 July 1993, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant.
3. Plaintiff's average weekly wage at the time of her alleged injury was $328.00.
4. Five pages of medical records from Carolina Regional Orthopedics, P.A., marked as Stipulated Exhibit Number One, are stipulated into evidence.
5. Eleven pages of medical records from the offices of Drs. Sutton Byrum, P.A., marked as Stipulated Exhibit Number Two, are stipulated into evidence.
6. A one page accident report dated 26 July 1993, marked as Stipulated Exhibit Number Three, is stipulated into evidence.
7. Five pages of medical records from Carolina Regional Orthopedics, P.A. submitted by the parties after the initial hearing, are stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a sixty-eight year old woman with an eighth grade education. Plaintiff had received no additional education or training after the eighth grade. She had worked for twenty-five years as a seasonal laborer for a peanut farming company.
2. When plaintiff began her employment with defendant on 12 November 1973, she worked as a housekeeper. Eventually, she was promoted to the position of supervisor of housekeeping and laundry. Plaintiff retained this supervisory position until April or May of 1993, at which time she was relieved of her supervisory responsibilities and returned to her original position as a housekeeper.
3. On 20 July 1993, plaintiff was employed by defendant as a housekeeper. As a housekeeper, plaintiff was responsible for mopping, waxing, and buffing floors. She also washed laundry and cleaned bed rails, blinds and windows.
4. On 20 July 1993, plaintiff was performing the usual duties of her position. After cleaning a patient's room, she pushed her cleaning cart to the housekeeper's closet. Plaintiff used the cart to carry her cleaning supplies including an eight gallon mop bucket. Plaintiff pulled her cart into the housekeeper's closet in order to gain access to the basin where the mop bucket was to be emptied. When plaintiff lifted the mop bucket, which was full of water, she experienced pain in her low back, abdomen and both legs.
5. Plaintiff continued to work until early afternoon at which time she reported to Diane Brinkley, defendant's administrator, that she had injured her back. After reporting her injury to Ms. Brinkley, plaintiff left work and presented to her family physician, Dr. Byrum. Plaintiff told Dr. Byrum that she had been experiencing low back pain since the preceding February. She also informed Dr. Byrum that work duties as a housekeeper required her to perform more heavy lifting than her previous supervisory position. Dr. Byrum provided plaintiff with an excuse from work for two weeks.
6. On 26 July 1993, plaintiff completed, or provided information necessary to complete, an accident report for defendant which stated that she had injured her back when "changing mop water, lifting bucket, bending twisting body." The report also stated that after lifting the bucket she "[experienced] pain in back, stomach and legs."
7. When plaintiff returned to Dr. Byrum on 30 July 1993 she advised him that she had injured herself while lifting a mop bucket on 20 July 1993 and that after lifting the bucket she experienced low back and bilateral leg pain.
8. Plaintiff had been evaluated by Dr. Byrum for back and leg pain prior to the incident on 20 July 1993. On 16 February 1993, plaintiff presented to Dr. Byrum complaining that she had injured her lower back five days earlier. The back injury about which she complained also caused discomfort in her legs. On this date, plaintiff had moderate to advanced degenerative changes in her lower lumbar spine which had progressed since a previous examination in 1991.
9. On 11 June 1993, prior to the date of her alleged injury, plaintiff presented to Carolina Regional Orthopedics, P.A. where she was examined by Dr. Alberto d'Empaire. On this date, plaintiff complained of right leg pain and weakness. Plaintiff's leg pain radiated from her right hip all the way down to her right foot, with a burning sensation in her right foot.
10. After the incident on 20 July 1993, plaintiff presented to Dr. d'Empaire on 23 July 1993 complaining of low back pain which radiated into both legs. On this date, plaintiff had severe osteoarthritis at L4-L5 and L5-S1 with osteophyte formation and narrowing of the intervertebral discs.
11. On 11 August 1993, plaintiff presented to Dr. David C. Miller complaining of pain in the right hip and buttock region which radiated into her lower right leg. Plaintiff also complained of occasional numbness and tingling in her right foot. She denied any left leg discomfort or numbness. On this date, plaintiff had a significant amount of arthrosis at the L4-L5 level. In addition, plaintiff had a significant amount of "wear and tear" changes in her facet joints. Plaintiff also had a right sided disc herniation at the L4-L5 level.
12. On 8 December 1993, plaintiff underwent surgery during which Dr. Miller performed a decompressive laminectomy and spinal fusion. The surgery was performed to relieve plaintiff's nerve root impingement and to prevent future arthritic changes or vertebral instability.
13. Plaintiff experienced low back and right leg pain before the incident on 20 July 1993. Plaintiff's prior low back and right leg pain was due to arthritic and other degenerative changes in her lower lumbar spine which caused nerve root impingement. The leg and low back pain experienced by plaintiff following the incident on 20 July 1993, which also resulted from nerve root impingement, was the same as the pain she had experienced prior to that date.
14. Plaintiff reached maximum medical improvement on 22 June 1994 at which time she was discharged from Dr. Miller's care.
15. Plaintiff, who took a medical leave of absence from defendant employer following the incident on 20 July 1993, was terminated from her employment on 23 August 1994. Plaintiff has not worked, or sought employment, at any time following the 20 July 1993 incident.
16. The evidence of record is insufficient to prove by its greater weight that the nerve root impingement and associated pain sustained by plaintiff resulted from the incident on 20 July 1993, as opposed to the pre-existing degenerative and arthritic changes in her lumbar spine. The evidence of record is insufficient to prove by its greater weight that plaintiff's pre-existing degenerative conditions were significantly aggravated by the 20 July 1993 incident.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant on 20 July 1993. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * * *
Based upon the findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER